UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 6: 13-045-DCR |
| ) | and |
| V. ) | Civil Action No. 6: 16-250-DCR |
| ) | |
| JAMES LEE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

*** *** *** ***

This matter is pending for consideration of Defendant/Movant James Lee's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 178] Lee argues that he is entitled to a sentence reduction based on having a minor role in the offense of conviction. Specifically, he asserts that Amendment 794 to the sentencing guidelines should be applied retroactively, entitling him to a reduction in his sentence for his minor role.[1] However, this amendment does not apply retroactively in Lee's case, and his motion will be denied.

**I.**

A federal grand jury indicted Lee and four co-defendants on November 21, 2013, for conspiring to distribute a quantity of pills containing oxycodone in violation of 21 U.S.C. §§ 841(a)(1), 846. [Record No. 1] On October 24, 2014, he pleaded guilty to the charge. [Record No. 115]   According to his Plea Agreement, Lee was a "large-scale drug dealer[]" who

---

[1] Lee refers to the minor role reduction as being found under Amendment 782; because Amendment 782 refers to a reduction based on drug quantity, the Court assumes that Lee intends to argue for a reduction pursuant to Amendment 794.

-1-

conspired with others to distribute pills containing oxycodone throughout Southeastern Kentucky. [*Id*. at ¶ 3]

DEA authorities began to investigate Lee after law enforcement officers discovered 90 oxycodone 30 mg pills in the possession of another defendant. [Presentence Investigation Report, "PSR", p. 4] During a subsequent interview, Lee acknowledged that he had been selling oxycodone for a couple of years, and revealed that his co-conspirators supplied him with the pills. [*Id*.] Based on these admissions, the PSR concluded that Lee was responsible for at least 4,000 oxycodone 30 mg pills. [*Id*.] The amount of drugs involved in the offense resulted in a base offense level of 30, which was reduced three levels based on Lee's acceptance of responsibility. [*Id*. at 5] Together with a Criminal History Category III, Lee's non-binding guideline range for imprisonment was calculated as 87 to 108 months. [*Id*. at 10] Lee did not file objections and the Court sentenced Lee to 88 months of imprisonment. [Record No. 118]

## II.

Under 28 U.S.C. § 2255, a defendant may assert that: his sentence was imposed in violation of the United States Constitution or federal law; the Court lacked jurisdiction; his or her sentence exceeded the maximum penalty authorized by law; or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a claim of non-constitutional error, the defendant must show a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

### III.

First, Lee's motion is untimely. A one-year statute of limitation applies to § 2255 motions. 28 U.S.C. § 2255(f). This period runs from the latest of: (i) the date on which judgment of the conviction becomes final; (ii) the date on which any illegal government-created impediment to the motion is removed; (iii) the date on which the right asserted was first recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iv) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)−(4). Here, Lee's judgment was entered on October 24, 2014, and became final fourteen days later when no Notice of Appeal was filed. He filed the present motion on October 28, 2016, or nearly two years later.[2] Moreover, the limitations period will not be calculated from the date that the amendment at issue became effective because this date does not qualify as any of the triggering dates listed in §2255(f). There was no illegal government-created impediment, the amendment does not contain a right that has been recognized by the Supreme Court, and there are no additional facts supporting the claim that were discovered on this date.

Additionally, Lee waived the right to raise this issue on collateral review. Lee's Plea Agreement provides that, "[w]ith the exception of claims of ineffective assistance of counsel, the Defendant waives the statutory right to collaterally attack the guilty plea, conviction, and sentence." [Record No. 115, ¶ 7] A knowing and voluntary waiver in a plea agreement is enforceable. *United States v. Pettway*, 99 Fed. Appx. 731, 733 (6th Cir. 2005) (citation

---

[2] The motion was filed on November 3, 2016, but the relevant date for purposes of the limitations period is the date that Lee asserts he placed the motion in the prison mailing system—October 28, 2016. [Record No. 178]

omitted). Lee signed the Plea Agreement, thereby asserting that he knowingly and voluntarily agreed to its terms. [Record No. 115, p. 4] Further, he acknowledged this fact at the time of his guilty plea. This waiver is thus enforceable, and Lee may not challenge his sentence on any basis other than ineffective assistance of counsel. Because his motion does not raise ineffective assistance of counsel, Lee has waived the right to challenge his sentence on the basis argued in his motion.

Lee's argument also fails on the merits. First, Lee argues that, under 18 U.S.C. § 3582(c)(2), he is entitled to sentence reduction pursuant to amendment 782 for his role as "a minimal participant" in the offense. [Record No. 178] But even treating Lee's § 2255 motion under § 3582, his argument fails. Under § 1B1.10(b)(1), a court may apply an amendment to the guidelines retroactively to reduce a defendant's sentence under § 3582(c)(2), but only if that amendment is listed in subsection (d). *See United States v. Bonds*, No. 15-2405, 2-16 WL 5956726 (6th Cir. Oct. 14, 2016). The Amendment that Lee cites—Amendment 782—is in fact an amendment that is enumerated in § 1B1.10. However, Amendment 782 applies based on drug quantity, and Lee argues that he is entitled to a reduction on the basis of his minimal role in the offense. The amendment that applies to role reductions, and thus the amendment under which Lee seeks relief, is Amendment 794. Because Amendment 794 is not listed in § 1B1.10(d), it does not apply retroactively, and Lee is not entitled to relief under § 3582.

Likewise, Amendment 794 does not entitled Lee to relief under § 2255. Amendment 794 provides a list of factors that courts may consider when deciding whether to apply a minor role reduction under § 3B1.2. U.S.S.G. § 3B1.2 cmt. n. 3(C) (2015). As the Sixth Circuit has recently concluded, Amendment 794 is a clarifying amendment and, therefore, applies retroactively in cases challenging the issue on appeal. *United States v. Carter*, Nos. 15-

3618/15-3643, 2016 U.S. App. LEXIS 18122, at *14-17 (6th Cir. Oct. 3, 2016). However, the fact that an amendment is retroactive does not itself entitle a § 2255 movant to relief. Because any error in the application of the Sentencing Guidelines is a nonconstitutional error, a movant will only prevail on this type of claim if he is able to show that the alleged error amounts to a "complete miscarriage of justice." *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

Here, a miscarriage of justice will not occur if the amendment is not applied retroactively. Lee did not object to the information or calculations outlined in the PSR and, as he admits in his motion, he neither argued for a role reduction at sentencing nor sought to challenge his sentence. [Record No. 178] Lee was free to argue for a role reduction at sentencing or on appeal. The fact that Lee failed to raise the issue when he was afforded the opportunity to do so impairs his argument that justice requires retroactive application of the amendment now. *See Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998) (concluding that justice did not require the retroactive application of a clarifying amendment because the defendant failed to argue for application of a reduction at sentencing or on appeal). Additionally, the facts do not indicate that Lee's role in the offense was so minimal that an injustice would result from not applying the amendment retroactively. The plea agreement described Lee as a "large-scale drug dealer" and the pre-sentence report including a finding that he was responsible for the distribution of at least 4,000 oxycodone 30 mg pills. [Record No. 115, ¶ 3; PSR, p. 4] Based on this level of involvement, it is not a miscarriage of justice to decline application of a role reduction now.

Finally, Lee is not entitled to a certificate of appealability. Under *Slack v. McDaniel*, 529 U.S. 473, 478 (2000), Lee must show "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Because Lee has not raised the denial of a constitutional right, and no jurist of reason would debate the Court's procedural ruling, denial of a certificate of appealability is appropriate.

### IV.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Defendant/Movant James Lee's motion to vacate under 28 U.S.C. § 2255 [Record No. 178] is **DENIED**.

2. A Certificate of Appealability shall not issue.

3. A separate Judgment will issue this date.

This 14th day of November, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge